**IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | | |
|---|---|---|
| WILD EYE DESIGNS, INC. § <br> A FLORIDA CORPORATION, § <br> § <br> Plaintiff, § <br> § <br> § <br> v. § <br> § <br> § <br> TONY THAI, § <br> AN INDIVIDUAL AND PRIMEWARE, INC. § <br> A CALIFORNIA CORPORATION § <br> Defendants. § | | CIVIL ACTION NO._____ <br><br> JURY DEMANDED |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, WILD EYE DESIGNS, INC., a Florida Corporation (hereinafter "WILD EYE" or "Plaintiff"), sues Defendants, TONY THAI, an individual (hereinafter "THAI" or "Defendant") and PRIMEWARE, INC., a California Corporation, and alleges the following:

**NATURE OF THE ACTION**

1. This is a civil action seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that (1) Defendant's U.S. design patent is invalid and unenforceable under the Patent Act of 1952, 35 U.S.C. §§ 1 et seq., because (a) of inequitable conduct before the United States Patent and Trademark Office (hereinafter the "USPTO"); (b) Defendant's design patent is invalid because the claimed design of the wine tote is not novel and obvious under 35 U.S.C. §103; (c) the patented design is primarily functional rather than ornamental; and (d)

1

Plaintiff's sales and offers to sell certain insulated handbags do not constitute patent infringement of Defendant's U.S. design patent; and (2) Defendants have no trade dress rights in their hand bag, and Plaintiff's hand bag does not violate any purported trade dress rights claimed by Defendants.

## JURISDICTION AND VENUE

2.   This action arises under the Patent Act of 1952, 35 U.S.C. §§ 1 et seq., as amended, the Lanham Act, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

3.   This Court has exclusive original jurisdiction over the subject matter of this action. Exclusive jurisdiction for any action arising under any Act of Congress relating to patents is conferred on U.S. district courts pursuant to 28 U.S.C. §1338(a).

4.   This Court has personal jurisdiction over Defendant pursuant to Florida Statute, §48.193, because Defendant is engaged in substantial and not isolated activity within this state. Upon information and belief, Defendant sells his products, including insulated wine totes that he claims embody the claim of the design patent at issue in this suit, to customers in Florida and in this judicial district. Upon information and belief, in furtherance of its marketing and sales of its insulated wine totes and other products, Defendant maintains relationships with sales agents located in Florida. Additionally, Defendant forwarded its cease and desist letter to Plaintiff in this judicial district.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) in that Defendant is subject to personal jurisdiction in this district, and because a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, including, but not limited to, the accused infringing conduct occurring in this judicial

district, and because Defendant is subject to personal jurisdiction in the Southern District of Florida.

## THE PARTIES

6. Plaintiff, WILD EYE DESIGNS, INC., is a Florida corporation having a principal place of business located at 5380 N. Ocean Drive, Suite 3J, Eastpoint II, Singer Island, Florida 33404. Plaintiff manufactures, offers for sale and sells novelty consumer products, including insulated hand bags for carrying wine bottles.

7. Defendant, TONY THAI is a natural person and resident of the State of California with a last known address of 7481 Anaconda Avenue, Garden Grove, CA 92841.

8. Defendant, PRIMEWARE, INC., is a California corporation having a principal place of business in Orange County California with TONY THAI listed as the Agent for Service of Process according to the business records from the California Secretary of State website.

9. Plaintiff and Defendant Primeware, Inc. are competitors in that they both sell novelty consumer products, including insulated hand bags for carrying wine bottles.

## THE PATENT-IN-SUIT

10. On or about April 4, 2013, Defendant Tony Thai filed a design patent application with the United States Patent and Trademark Office (hereinafter the "USPTO") claiming the ornamental features of a bag for carrying wine and wine accessories entitled "Wine Tote".

11. On March 24, 2015, the USPTO duly and lawfully issued United States Design Patent No. D724,836 ( hereinafter "'836 patent") entitled "Wine Tote," naming Plaintiff as the sole inventor. See Exhibit "1" attached hereto for all purposes, which is a copy of the '836

patent. A representative drawing of the '836 design patent shows the basic ornamental features:



The features include two curved handles attached to the bag by rings that appear to be captured by folded material that is sewn to the sides of a substantially trapezoidally shaped bag. In addition, the top and side are accessed through zippered openings.

## **CASE OR CONTROVERSY**

12. Prior to the issuance of the '836 patent, specifically, on or about August 6, 2014, Defendant, through his legal counsel, sent Plaintiff a cease-and desist letter (hereinafter the "Letter") wherein Defendants accused Plaintiff of infringing the then-pending patent application claim of his design patent application, accused Plaintiff of infringing Defendants' trade dress rights, and demanded that Plaintiff cease and desist making, using, offering to sell, selling and/or importing the "Freezer Hand Bag," including any other product that embodies the invention of the "Wine Tote," and demanded that Plaintiff provide assurances to Defendants that it had

complied with such demands. See Exhibit "2" attached hereto for all purposes, which is a copy of the Letter.

13. Plaintiff has a reasonable and immediate apprehension of suit in that it or its customers or both of them will face claims of infringement of the '836 design patent if Plaintiff continues to market, sell and offer to sell the accused hand bags.

14. Plaintiff also has a reasonable and immediate apprehension of suit in that it or its customers or both of them will face claims of trade dress infringement if Plaintiff continues to sell its accused hand bags.

## THE PRIOR ART

15. Upon information and belief, Defendants were aware or should have been aware of prior art having the ornamental features illustrated in its design patent, including some of the prior art references described below titled "Curved Handled Handbags with Ring Attachments and Zippers", "Portable Insulated Handbags", the "Leather or Leather-like Handbag Handle", and "Design Patents For Insulated Handbags" (hereinafter collectively referred to as the "Prior Art Information") as detailed below.

16. Upon information and belief, Defendants were also aware of its own prior art hand bags. In its cease-and-desist letter, Defendants allege that "many elements of the [Defendant] product's trade dress have acquired distinctiveness through Primeware's substantial and continuous use and display of the product in U.S. commerce. As such, consumers associate Primeware with the source of the product." Hence, Defendants' cease and desist letter admits to having prior art.

### Curved Handled Handbags with Ring Attachments and Zippers

17. The basic design of the '836 design patent has been in existence more than a year

5

prior to April 2013 application date of the '836 patent, and MARC JACOBS, among others, have sold, and offered for sale "stam bags" having very similar appearances as the ornamental features shown in the '835 design patent.

18.     By way of example, this MARC JACOBS stam bag has been posted on the internet since 2006:



As shown above, it includes curved handles attached to a trapezoidally shaped bag by rings that are attached to the bag by folded over material that appears to be sewn to the sides of the bag. There also appears an opening at the top and side.  The side opening is accessed using a zipper.

19.     Upon information and belief, Defendants were aware that curved handled handbags with ring attachments and zippers existed prior to the filing of the '836 patent and they have been patented for their design features since at least as early as 2006.  See U.S. Pat. No.D533997 and printout from 2005 blog with the URL of: http://forums.thefashionspot.com/f56/marcjacobsstambagseptember2005march2010a31612.html attached hereto as Composite Exhibit "3".

**Portable Insulated Handbags**

20. Upon information and belief, Defendants were aware that portable insulated beverage carriers that approximate the shape of traditional handbags existed prior to the filing of the '836 patent and they have been patented for functionality as utility patents since at least as early as 1964. See U.S. Pat. Nos. 3262283, 4812054, and 7344028 attached hereto as Composite Exhibit "4".

### Leather or Leather-like Handbag Handle

21. Upon information and belief, Defendants were aware that handbags with leather or leather-like handles existed prior to the filing of the '836 patent and they have been patented as design patents since at least as early as 1936. See U.S. Pat. No. D101705 attached hereto as Exhibit "5".

### Design Patents For Insulated Handbags

22. Upon information and belief, Defendants were aware that design patents for the niche market of insulated handbags for carrying beverages have been issued since at least as early as 2005.  See U.S. Pat. No. D509,062 attached hereto as Exhibit "6".

23. Portable insulated handbags for carrying beverages have existed for at least 60 years.

24. Defendants had a duty to disclose relevant prior art, including the Prior Art Information to the USPTO upon the filing of the design application that ultimately issued to become the '836 patent.

25. Upon information and belief, Defendants did not disclose the aforementioned Prior Art Information to the USPTO at the time the application that ultimately issued to become the '836 patent was filed.

26. Defendants, by their own admission in their cease-and-desist letter, had been

marketing their bag for a long time, sufficient to allegedly create purported "trade dress" rights in the bag, and yet, there is no evidence with the U.S. Patent & Trademark Office that Defendants disclosed any of their prior bag designs in the course of applying for the '836 design patent.

27.     Upon information and belief, there exists many other prior art references that disclose the limited ornamental features claimed in the '836 design patent, either in whole or in part.

28.     All conditions precedent to bringing this action have occurred or have been waived.

29.     Plaintiff has retained undersigned counsel and is obligated to pay said counsel a reasonable fee for their services.

## COUNT I
## DECLARATORY JUDGMENT THAT PATENT IS UNENFORCEABLE BASED UPON INEQUITABLE CONDUCT

30.     The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

31.     This is an action seeking declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that the '836 design patent is unenforceable under the doctrine of inequitable conduct.

32.     Pursuant to 37 C.F.R. § 1.56, each person and entity associated with the filing or prosecution of a patent application has a duty to conduct business with the USPTO with candor, good faith, and honesty.

33.     The duty of candor under 37 C.F.R. § 1.56 imposes on each inventor named in the application, each attorney who prepares or prosecutes the application, and each

individual associated with the assignee of the application, the duty to disclose to the USPTO all information known to the inventor, attorney or individual to be material to patentability of the invention described in the application.

34. The Patent Applicants and their attorneys knew of their duty of candor to the USPTO.

35. Violation of the duty of candor through bad faith or intentional misconduct during or after prosecution of the application subjects any patent issued therefrom to become unenforceable.

36. Upon information and belief, prior to the issuance of the '836 design patent on March 24, 2015, Defendant knew or should have known about the aforementioned Prior Art Information and specifically, the prior art that Defendants mentioned in their cease-and-desist letter gave rise to the purported "trade dress" rights mentioned in that letter.

37. Upon information and belief, the aforementioned Prior Art Information was material to patentability with respect to the '836 design patent because there is a substantial likelihood that a reasonable patent examiner would have considered the information important in deciding whether to allow the Design Patent Application to issue as the '836 design patent.

38. Upon information and belief, neither Defendant nor their attorneys disclosed the aforementioned Prior Art Information to the USPTO, in violation of 37 C.F.R. § 1.56.

39. Upon information and belief, Defendant's and/or their attorneys' failure to disclose the aforementioned Prior Art Information to the USPTO was willful and with the intent to mislead the USPTO.

40. Therefore, the '836 Design Patent should be declared unenforceable because of Defendant's and/or their attorneys' inequitable conduct.

## COUNT II
## DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY FOR LACK OF NOVELTY UNDER 35 U.S.C. § 103

41. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

42. This is an action for a declaratory judgment of patent invalidity under 35 U.S.C. § 103 against Defendant pursuant to 28 U.S.C. §§ 2201 and 2202.

43. Pursuant to 35 U.S.C. § 103, a person shall not be entitled to a patent if, *inter alia,* "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains."

44. The differences between the ornamental features of the wine tote claimed in '836 design patent and the prior art, including the aforementioned Prior Art Information, are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art of insulated handbags.

45. Therefore, the '836 design patent should be declared invalid in accordance with 35 U.S.C. § 103.

## COUNT III
## DECLARATION THAT PLAINTIFF DOES NOT INFRINGE THE '881 DESIGN PATENT

46. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

47. This cause of action arises under 28 U.S.C. §§ 2201 and 2202.

48.     Plaintiff does not make, use, offer to sell, or sell any product that has the ornamental features required of the claims contained in the '836 design patent.

49.     Specifically, the most salient differences include the flat bottom portion of the wine tote as shown in Fig. 9 of the '836 design patent as reproduced below and the risers that are present in the insulated handbag sold by Plaintiff also reproduced below as well as the single zippered side pocket as shown in Fig. 10 of the '836 design patent as reproduced below and the double zippered side pocket that is present in the insulated handbag sold by Plaintiff also reproduced below:



FIG. 9



Case 2:15-cv-01862-JRG   Document 1   Filed 08/18/15   Page 12 of 15 PageID #: 12



A review and comparison of the design patent drawing and the photograph of the accused product show that there are substantial differences between the two, including, but not limited to, (1) the shape of the design patent bag is trapezoidal, and the accused bag is substantially rectangular; (2) the handles on the design patent bag are short and begin above the zippered opening, and those on the accused bag begin well below the opening and are much longer; (3) zippered opening on the side of the design patent drawing is short with no ornamentality whatsoever, and the accused bag is longer with a elliptically shaped "smile-like" background abutting the attachments for the handles; and (4) the bottom of the design patent drawing is rectangular, and the accused bag is elliptical with studded risers.

50.     Plaintiff has not induced any third party to make, use, offer to sell, or sell any product that has the ornamental features required of the claims contained in the '836 design patent.

...

51. Plaintiff is entitled to a declaration that its marketing, distributing, selling or offering to sell its insulated handbag does not infringe the '836 design patent, either directly, or by active inducement or contributory infringement.

## COUNT IV
## DECLARATION THAT PLAINTIFF DOES NOT INFRINGE DEFENDANT'S TRADE DRESS

52. The allegations contained in paragraphs 1-29 above are hereby re-alleged as if fully set forth herein.

53. This cause of action arises under 28 U.S.C. §§ 2201 and 2202.

54. Defendants' cease-and-desist letter claims that they own trade dress rights in their bag, but fail to describe what portions of their bag is protected by trade dress.

55. Defendants' cease-and-desist letter claims that portions of their bag are inherently distinctive, but again fail to identify where those portions lie.

56. There is no evidence that Defendants' bag as acquired distinctiveness or that consumers associate the decorative features of their bag with their company.

57. Defendants' bag has no trade dress rights, because the decorative aspects of their bag can be found on dozens of others bags that pre-existed the creation of Defendants' bags, including, without limitation, those sold under the trademark MARC JACOBS.

58. Plaintiff does not make, use, offer to sell, or sell any product that infringes on Defendants' purported trade dress as alleged in the Letter.

59. Plaintiff has not induced any third party to make, use, offer to sell, or sell any product that infringes on Defendants' purported trade dress as alleged in the Letter.

60. Plaintiff is entitled to a declaration that its marketing, distributing, selling or

offering to sell its insulated handbag does not infringe Defendants' purported trade dress, either directly, or by active inducement or contributory infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, WILD EYE DESIGNS, INC., prays for entry of a judgment against Defendants, TONY THAI and PRIMEWARE, INC., declaring as follows:

1. That Defendant's U.S. Design Patent No. D724,836 is invalid and unenforceable because as a result of Defendant and the Patent Applicants' intentional failure to disclose material prior art information to the USPTO prior to the issuance of the patent.

2. That Defendant's U.S. Design Patent No. D724,836 is invalid because the differences between the ornamental features of the wine tote claimed in '836 design patent and the prior art, including the aforementioned Prior Art Information, are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art of portable insulated handbags.

3. That Plaintiff's importation, use, sales of, and offers to sell its insulated handbag do not constitute patent infringement of Defendant's U.S. Design Patent No. D724,836.

4. That Defendants have no trade dress rights in their handbag.

5. That Plaintiff's importation, use, sales of, and offers to sell its insulated handbag do not constitute infringement of Defendants' purported trade dress.

6. That, pursuant to 35 U.S.C. § 285, the Defendants be ordered to pay to Plaintiff an award covering Plaintiff s attorneys' fees, costs, and other expenses incurred as a result of this controversy.

7. That the Court deem this case exceptional under both the Patent Act and the

Lanham Act, and thus award attorney's fees and costs under those Acts.

8. That this Court grants such further and other relief as this Court deems just and proper.

Dated: August18, 2015

        Respectfully,

        /s/Craig S. Kirsch, Esq.
        Craig S. Kirsch, Esq.
        FBN 26318
        KIRSCH LAW FIRM
        40 NE 1 Avenue, Suite 602
        Miami, Florida 33132
        Telephone: 305.416.4051
        Fax: 786.217.6874
        e-Service address: ckirsch@kirschlawfirm.com