UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

WILD EYE DESIGNS, INC.,

    *Plaintiff*,

v.                                       Case No. 1:15-cv-23093-JAL

TONY THAI AND PRIMEWARE, INC.,

    *Defendants*.

_____/

CONFERENCE REPORT AND PROPOSED SCHEDULING ORDER

Plaintiff Wild Eye Designs, Inc. ("Wild Eye") and Defendants Tony Thai, ("Thai") and Primeware, Inc. ("Primeware"), by and through their undersigned counsel, hereby file their Conference Report and Proposed Scheduling Order and state as follows:

1. <u>Dates</u>: See attached Appendix I.

2. <u>Jury or Nonjury Trial</u>: A jury trial is requested.

3. <u>Statements of the Case</u>:

      WILD EYE:

Wild Eye brought a civil action seeking a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 that (1) Defendant's U.S. Design Patent No. D724,836 (hereinafter "the '836 Patent") is invalid and unenforceable under the Patent Act of 1952, 35 U.S.C. §§ 1 et seq., because (a) of inequitable conduct before the United States Patent and Trademark Office (hereinafter "the USPTO"); (b) the '836 Patent is invalid because the claimed design of the wine tote is not novel and obvious under 35 U.S.C. §103; (c) the '836 Patent is primarily functional rather than ornamental; and (d) Plaintiff's sales and offers to sell certain insulated handbags do not constitute patent infringement of the '836 Patent; and (2) Defendants have no trade dress rights in their hand bag, and Plaintiff's hand bag does not violate any purported trade dress rights claimed by Defendants.

Defendant is attempting to enforce rights associated with the "functionality" of a product, rights that are within the province of *utility* patent jurisprudence, when in fact the only available enforcement possibilities with respect to its patent rights are those offered in *design* patent law jurisprudence, a markedly more narrow vehicle of enforcement. As there is no corresponding utility patent associated with the claimed invention, Defendant is effectively attempting to enforce the *functionalty* of a design patent in contravention to the institution of established patent law. Ironically, Defendant's attempt to enforce the *functionality* of a design patent rather than a utility patent only serves to buttress the argument that it is the *functionality* of the design for which Defendant actually sought protection when filing the application that became the '836 Patent. In doing so, Defendant's attempt to enforce the functionality of its design is actually building the case towards invalidating its own Design patent as design patents <u>cannot</u> serve to protect the functionality of a design. Moreover, aside from the *functional* elements of design in question, there is <u>nothing</u> unique about the ornamental design of the product in question for which the '836 Patent was issued. Upon information and belief, prior art references that were not disclosed during the examination process of the '836 Patent would have rendered the '836 Patent unpatentable and the '836 Patent never would have issued in the first place. Finally, Plaintiff also contends that even if the '836 Patent was valid, which Plaintiff believes it is not, the products that Plaintiff has sold, differ enough to take them out of the extremely narrow shadow cast by the '836 Patent, such that no alleged wrongdoing has been done.

Wild Eye seeks as declaration that it has done nothing wrong, in part because Defendant lacks an enforceable vehicle for which to address any alledged wrongdoing by Wild Eye, in addition to a declaration that Defendant has no valid rights to enforce.

TONY THAI:

Mr. Thai contends that (a) he owns the '836 patent, (b) the '836 patent is valid and enforceable, (c) no inequitable conduct was committed by him or his attorneys during the prosecution of the '836 patent in the USPTO, (d) the '836 patent is novel and nonobvious, (e) the

'836 patent is primarily ornamental in nature, (f) Wild Eye has infringed and is infringing on his rights in the '836 patent by making, offering to sell, selling and/or importing products, including, but not limited to, the product entitled "Freezer Hand Bag," and, as a result, he has been damaged. Furthermore, Mr. Thai seeks injunctive relief against Wild Eye, preventing it from further infringing on his rights in the '836 patent.  Additionally, Mr. Thai contends that Wild Eye has infringed and is infringing on his trade dress rights, and, as a result, he has been damaged.

Subject to the outcome of his pending Motion to Dismiss or, in the Alternative, to Transfer under the First-To-File Rule, Mr. Thai will plead accordingly.

      PRIMEWARE:

Primeware contends that (a) it is a licensee of Mr. Thai in the rights in the '836 patent and (b) that Wild Eye has infringed and is infringing on Primeware's trade dress rights, and, as a result, it has been damaged.

Subject to the outcome of Mr. Thai's pending Motion to Dismiss or, in the Alternative, to Transfer under the First-To-File Rule, Primeware will plead accordingly.

4. <u>Issues Presently Known</u>:

    (i) Plaintiff's Issues:

(A) Whether the '836 Patent is valid and enforceable.

(B) Whether Defendants have any trade dress rights in their "Wine Tote".

(C) Whether Plaintiff has violated any of Defendants rights.

(D) If the Defendant has patent rights or trade dress rights in the "Wine Tote" and Plaintiff has violated those rights, how much, if any damages were incurred by Defendant?

    (ii) Defendants' issues:

(A)    Whether Wild Eye has infringed on Mr. Thai's rights in the '836 patent and whether Wild Eye has infringed on Mr. Thai and/or

Primeware's trade dress rights.

5.  <u>List and Summary of Pending Motions</u>:

    • Defendant Thai's Motion to Dismiss or Transfer [D.E. 12]

6.  <u>Conference Report – S.D. Fla. L.R. 16.1(B)(2)</u>

    (a) <u>Likelihood of settlement</u>: Since the case is in its early stages the parties are uncertain if settlement is likely. The parties have discussed the possibility of settlement but no substantive settlement discussion has been broached.

    (b) <u>Likelihood of appearance in the action of additional parties</u>: It is possible that Total Wine, the retailer for which the allegedly infringing products are sold will be joined to the instant action, although uncertain at this time.

    (c) <u>Proposed Limits on time</u>:

    (i) <u>to join other parties and to amend the pleadings</u>: see Dates attached as Appendix I

    (ii) <u>to file and hear motions</u>: see Dates attached as Appendix I

    (iii) <u>to complete discovery</u>: see Dates attached as Appendix I

    (d) <u>Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment</u>:

    At this time, the Parties believe that it is too early to determine whether each side will only require one motion for summary judgment and will cooperate to avoid unnecessary motions.

    (e) <u>The necessity or desirability of amendments to the pleadings</u>: Since this is a complex case, the Parties anticipate that there will be motions to amend the pleadings.

    (f) <u>The possibility of obtaining admissions of act and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence</u>:

The Parties will cooperate to avoid unnecessary testimony regarding evidence that can be stipulated to, such as avoiding the need for unnecessary records custodian depositions and/or trial testimony. Although it is difficult to anticipate everything at this early stage, the Parties will likely be filing motions in limine seeking advance rulings on certain evidentiary matters.

(g)     Suggestions for the avoidance of unnecessary proof and cumulative evidence: The Parties will seek to stipulate to evidence to avoid unnecessary proof and cumulative evidence.

(h)     Suggestions on the advisability of referring matters to a Magistrate Judge or master:

The Parties agree to refer discovery issues to a Magistrate Judge.

(i)     Preliminary estimate of the time required for trial:   Wild Eye estimates that trial will be 10 to 14 days. The defendants estimate that trial will be 5 to 7days

(j)     Requested date or dates for conferences before trial, a final conference, and trial:

See Appendix I. The Parties request a pretrial conference and, since summary judgment motions are anticipated, a summary judgment hearing.

(k)     Any other information that might be helpful to the Court in setting the case for status or pretrial conference:

None at this time.

7.     Joint Proposed Scheduling Order

(a) Case Management Track: The Parties request that the instant case be assigned to a Complex Track.

(b) Detailed Discovery Schedule: See Appendix I

(c) Any agreements the parties reach for asserting claims of privilege or protection of trial preparation material after production:

Due to the anticipated high volume of documents, the Parties agree that inadvertent disclosure of privileged materials will not constitute a waiver and will cooperate to return

any such inadvertently disclosed materials. The Parties will also cooperate to reach agreement and/or stipulate to a protective order regarding the production of any confidential or trade secret-protected materials, if the issue arises.

(d) <u>A limitation on the time to join additional parties and to amend the pleadings</u>: See Appendix I.

(e) <u>Date certain for filing all pretrial motions</u>:     See Appendix I

(f) <u>Date certain for resolution of all pretrial motions by the Court</u>:   See Appendix I

(g) <u>Any proposed use of the Manual on Complex Litigation and any other need for rule variations, such as on deposition length or number of depositions</u>:

The Parties request that the depositions of records custodians for third parties for the purpose of establishing the admissibility of documents and things and expert witnesses not be counted for the ten depositions allotted to each side under the Local Rules. The Parties will consider whether to extend the seven hour limitation for depositions on a deposition-by-deposition basis.

(h) <u>Date certain for a pretrial conference</u>:     See Appendix I

(i) <u>Date certain for trial</u>:       See Appendix I

APPENDIX I

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

WILD EYE DESIGNS, INC.,

    *Plaintiff*,

vi.                                                 Case No.  1:15-cv-23093-JAL

TONY THAI AND PRIMEWARE, INC.,

    *Defendants*.

_____/

**JOINT SCHEDULING FORM**

| DEADLINE OR DATE | ACTION OR EVENT |
|---|---|
| **April 30, 2016** | All motions for joinder of parties or to amend pleadings shall be filed. |
| **Dec. 7, 2015** | The Parties shall each furnish opposing counsel a written list containing the names and addresses of all fact witnesses who may be called at trial. Only those witnesses named on this list shall be permitted to testify at trial.  The Parties shall be under a continuing obligation to supplement the list. |
| **May 30, 2016** | All fact discovery must be completed. The Parties shall be under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| **June 10, 2016** | Plaintiff(s) must provide Defendant(s) an expert witness list accompanied by the reports or summaries required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial.  Within the fourteen-day period after this deadline, Plaintiff(s) shall make the expert witnesses available for deposition by Defendant(s). |
| **June 27, 2016** | Defendant(s) must provide Plaintiff(s) an expert witness list accompanied by the reports or summaries required by |

12

|  |  |
|---|---|
|  | Rule 26(a)(2) of the Federal Rules of Civil Procedure. Only those expert witnesses named on this list and for whom the required reports or summaries have been provided shall be permitted to testify at trial. Within the fourteen-day period after this deadline, Defendant(s) shall make the expert witnesses available for deposition by Plaintiff(s). |
| **July 11, 2016** | All expert discovery must be completed. |
| **August 10, 2016** | All dispositive, pre-trial motions and memoranda must be filed, as well as any motions to exclude or to limit proposed expert testimony. |
| **May 30, 2016** | Mediation shall be completed. |
| **September 25, 2016** | Proposed date before which all motions in limine must be filed. |
| **September 25, 2016** | Proposed date for joint pre-trial stipulation pursuant to Local Rule 16.1(e) |
| **October 1, 2016** | Proposed date for pre-trial conference. |
| **November 8, 2016** | Proposed date for trial. |

| **ADDITIONAL DEADLINES OR DATES** | **ACTION OR EVENT** |
|---|---|
| **June 30, 2016** | Parties shall make their experts available for discovery. |
| **August 10, 2016** | All _Daubert_ and _Markman_ motions and accompanying memoranda of law must be filed. |
| **October 1, 2016** | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. Each party shall list each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |

| Respectfully submitted,<br><br>KIRSCH LAW FIRM<br>40 NE 1 Avenue, Suite 602<br>Miami, Florida 33132<br>Telephone: 305.416.4051<br>Fax: 786.217.6874<br><br>/s/Craig S. Kirsch, Esq.<br>Craig S. Kirsch, Esq.<br>Fla. Bar No. 26318<br>ckirsch@kirschlawfirm.com<br><br>Attorney for the Plaintiff<br><br>Date: November 11, 2015 | Respectfully submitted,<br><br>ALLEN, DYER, DOPPELT, MILBRATH & GILCHRIST, P.A.<br>1221 Brickell Ave., Suite 2400<br>Miami, FL 33131<br>Telephone: (305) 374-8303<br>Fax: (305) 374-8306<br><br>/s/Robert H. Thornburg, Esq.<br>Robert H. Thornburg, Esq.<br>Fla Bar No. 630829<br>E-Mail: rthornburg@addmg.com<br><br>Attorneys for Defendants<br><br>Date: November 11, 2015 |
|---|---|